# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| WILLIAM REED, DONNA REED, and BONNIE YOUMANS, JANE YATES, PHILLIP CAULDER, *all individually and for the benefit and on behalf of all others similarly situated*, | |
| Plaintiffs, | No. 2:14-cv-1583-DCN |
| vs. | |
| BIG WATER RESORT, LLC; TLC HOLDINGS, LLC; RICHARD CLARK; JAMES THIGPEN; JIMMY "STEVE" LOVELL; and OCOEE, LLC, | **ORDER** |
| Defendants. | |
| BIG WATER RESORT, LLC; TLC HOLDINGS, LLC; RICHARD CLARK; JAMES THIGPEN; JIMMY "STEVE" LOVELL; OCOEE, LLC, | |
| Third-Party Plaintiffs, | |
| vs. | |
| M.B. HUTSON, a/k/a M.B. HUDSON, | |
| Third-Party Defendant. | |

This matter is before the court on a motion for partial summary judgment brought by defendants Big Water Resort, LLC; Richard Clark; James Thigpen; and Jimmy "Steve" Lovell ("defendants"), and a motion to certify two questions to the South Carolina Supreme Court brought by plaintiffs William Reed, Donna Reed, Bonnie

1

Youmans, Jane Yates, and Phillip Caulder ("plaintiffs").[1] For the reasons that follow, the court grants defendants' motion and denies plaintiffs' motion.

## I. BACKGROUND

The plaintiffs are members of a putative class of over 1,000 individuals who purchased memberships in defendant Big Water Resort, LLC ("BWR"). Am. Compl. ¶¶ 40, 41. The BWR membership agreements grant plaintiffs "a right to use all . . . campground facilities and services" at the Big Water Resort, a recreational campground and an accommodation located in Clarendon County, South Carolina. Pls.' Mot. Ex.1 at 1; Am. Compl. ¶¶ 14, 79. Plaintiffs allege that the BWR membership agreements also grant them access to "an exclusive members-only club" located at Big Water Resort. Am. Compl. ¶¶ 52, 54.

The BWR membership agreements date from March 14, 2004, to June 23, 2007. Defs.' Resp., Ex. 1 at 3, 11. They include a "duration of membership" clause that provides:

> The membership shall extend for the duration of the life of the purchaser, or if purchased jointly by husband and wife, for the duration of the life of the survivor of them ("Surviving Purchaser"). In addition, the membership shall survive for the life of one transferee who is the natural or adopted child of the Purchaser (or one of the purchasers, if joint).

Pls.' Mot. Ex. 1 at 1. In addition, the BWR membership agreements state that members can sell their memberships and access the club at Big Water Resort "on a first come first served basis among all [m]embers." Id.

Defendants Richard Clark ("Clark"), James Thigpen ("Thigpen"), Jimmy "Steve" Lovell ("Lovell") allegedly had an interest in BWR and provided funding for its

---

[1] With regard to plaintiffs' motion, this order supplements the one previously issued by the court on December 30, 2014.

membership operation. Am. Compl. ¶¶ 17, 19. BWR sold memberships from Big Water Resort's opening in 2003 until BWR was transferred to third-party defendant M.B. Hutson ("Hutson") in December 2010 through an option/purchase agreement. Defs.' Resp. 2; Am. Compl. ¶¶ 70-72; Hutson Answer and Countercl. ¶ 5.

Plaintiffs make various allegations regarding this transfer. They allege that: (1) BWR was insolvent at the time of the transfer; (2) Hutson did not have the financial ability to continue its operations; and (3) there was no long term contract between defendant TLC Holdings, LLC, the owner of the property on which Big Water Resort is located, and BWR to ensure that members would have continued access to Big Water Resort. Am. Compl. ¶¶ 36, 38, 82. Following this transaction, Big Water Resort became a public facility and BWR ceased operations. Id. ¶¶ 28, 82. This, in effect, rendered plaintiffs' memberships "nearly valueless." Id. ¶ 30.

In his pleadings, Hutson, a third party defendant in this case, explains how Big Water Resort came to be open to the public. He alleges that in early 2011, he contacted Clark "asking permission to convert the beautiful recreational building, known as the Clubhouse, into a public restaurant." Hutson Answer ¶ 8. As a result of this conversion, members "would no longer have open, free access to that former recreational building as presented in their membership agreement. The restaurant was to be open to the public and all incoming business was required to pay for their meals." Id.

Plaintiffs, taking issue with this conversion, filed suit in this court on April 22, 2014. In their amended complaint, plaintiffs allege numerous common law and statutory claims for relief, two of which are at issue in defendants' motion. See Defs.' Mot. 1. Count five of the amended complaint alleges a cause of action for violation of the South

Carolina Timeshare Act[2] ("Timeshare Act"), codified at S.C. Code Ann. § 27-32-10 et. seq. Am. Compl. ¶¶ 78–85. In count six, plaintiffs allege a claim for negligence per se, which is premised on BWR's alleged violations of the Timeshare Act. Id. ¶¶ 86–91.

For plaintiffs to recover under counts five and six, the BWR memberships at issue must constitute "vacation time sharing lease plan[s]" as defined in S.C. Code Ann. § 27-32-10(8) and therefore be subject to the provisions included in the Timeshare Act. In relevant part, S.C. Ann. § 27-32-10(8) provides:

> (8) "Vacation time sharing lease plan" means any arrangement, plan, or similar devise, whether by membership agreement, lease, rental agreement, license, use agreement, security, or other means, in which the purchaser receives a right to use accommodations or facilities, or both, but does not receive an ownership interest in real property, for a period or periods of time during a given year, but not necessarily for consecutive years, which extends for a period of more than three years.

In light of defendants' contention that the BWR memberships do not extend for a period of more than three years, as required under the statute, plaintiffs move this court to certify the following questions:

> 1. Does a membership agreement with the following clause "extend[] for a period of more than three years" sufficient to qualify as a "Vacation time sharing lease plan" under S.C. Code Ann. § 27-32-10 (8):
>
> > 6. Duration of Membership. The membership shall extend for the duration of the life of the purchaser, or if purchased jointly by husband and wife, for the duration of the life of the survivor of them ("Surviving Purchaser"). In addition, the membership shall survive for the life of one transferee who is the natural or adopted child of the Purchaser (or one of the purchasers, if joint)?

---

[2] The Timeshare Act provides for registration with the Real Estate Commission who must approve all sales and marketing documents, record keeping requirements, required contract terms including cancellation rights, limitations on fees charged, strict escrow requirements, limitations on sale of seller's interest to third parties, and other prohibited practices. S.C. Code Ann. § 27-32-10 et seq.

4

>      2.  Do membership agreements that have been in place longer than three
>      years qualify as "Vacation time sharing lease plan[s]" under S.C. Code
>      Ann. § 27-32-10 (8)?

Pls.' Mot. 1.  On October 3, 2014, defendants filed a response to plaintiffs' motion, and plaintiffs replied on October 13, 2014.  Defendants filed a supplemental response on October 31, 2014, to which plaintiffs replied on November 10, 2014.

On December 12, 2014, defendants filed a partial motion for summary judgment as to counts five and six of plaintiffs' amended complaint, arguing that the Timeshare Act does not apply to the BWR memberships, and therefore those claims fail as a matter of law.  Defs.' Mot. 2.  Plaintiffs filed a response on January 5, 2015, to which defendants replied on January 15, 2015.  The motions have been fully briefed and are ripe for the court's review.

## II.  STANDARDS

### A.    Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is,

if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249.  The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

### B.    Certification

South Carolina Appellate Court Rule 244 provides that the South Carolina Supreme Court

> in its discretion may answer questions of law certified to it by any federal court of the United States . . . when requested by the certifying court if there are involved in any proceeding before that court questions of law of this state which may be determinative of the cause then pending in the certifying court when it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court.

Rule 244(a), SCACR.  The certification order must set forth:  (1) "the questions of law to be answered"; (2) "all findings of fact relevant to the questions certified"; and (3) "a statement showing fully the nature of the controversy in which the questions arose." Rule 244(b), SCACR.

### III.  DISCUSSION

Both motions focus on whether the Timeshare Act is applicable to the BWR memberships at issue.  Defendants argue that, for a multitude of reasons, the BWR memberships cannot be classified as timeshare plans and therefore defendants cannot have violated the Timeshare Act in any respect.  Defs.' Mot. 2.  Specifically, they contend that the BWR memberships are not timeshare plans for the reasons articulated by the Fourth Circuit in Teague v. Bakker, 35 F.3d 978 (4th Cir. 1994).  Id. at 7.  They

likewise maintain that certification is inappropriate because the court can look to Teague to resolve plaintiffs' proposed questions. Defs.' Resp. 12.

Plaintiffs argue that certification is appropriate because the South Carolina Supreme Court has not yet decided the issue raised in the proposed certified questions. Pls.' Mot. 3. Plaintiffs further contend that Teague does not resolve whether the Timeshare Act applies to the BWR memberships because "the contracts and facts at issue here are fundamentally different than the contracts and facts at issue in Teague." Pls.' Resp. 10.

In Teague, the Fourth Circuit evaluated the applicability of the South Carolina Timeshare Act to the sale of "Lifetime Partnerships," or "LTPs," which entitled purchasers the right to use facilities in a vacation resort for a varying number of nights each year for the life of the purchaser. 35 F.3d at 982. The plaintiffs alleged numerous claims against the defendants, including a claim for the violation of the Timeshare Act. Id. at 981. Following a jury verdict for the defendants, the Fourth Circuit affirmed, holding that the LTPs were not vacation time sharing lease plans under S.C. Code Ann. § 27-32-10. Id. at 993.

In so finding, the court considered the very portion of the statute that is at issue here, namely whether the LTPs "extend[ed] for a period of more than one year."[3] Id. The court characterized the LTPs at issue as "the timeshare counterparts of life estates," and found that "[a] life estate . . . may well extend beyond one year's duration. Importantly, however, a life estate may also terminate within one year of its creation." Id. Noting the life estate's inapplicability under the Statute of Frauds, the court found

---

[3] In 2003, the South Carolina Legislature amended S.C. Code Ann. § 27-32-10 to change "one year" to "three years." See 2003 S.C. Acts 84.

7

that, similarly, a "life estate timeshare interest" could not satisfy the statutory requirement that a timeshare plan be of more than one year in duration. Id. The court specifically considered the intention of the South Carolina legislature, stating that, "[t]he legislature has not chosen to extend timeshare fraud protection beyond terms of years to life estates, and it is not for us to second-guess that choice." Id.

Notably, when the South Carolina Legislature amended S.C. Code Ann. § 27-32-10 in 2003, it did not take the opportunity to expand the definition of vacation time sharing lease plans to encompass lifetime interests in light of Teague. See 2003 S.C. Acts 84. Rather, the legislature limited the definition to include only those plans that "extend[] for a period of more than three years." S.C. Code Ann. § 27-32-10(8). Thus, the Fourth Circuit's reasoning has not been disturbed by the 2003 amendment, and Teague remains sound law.

Plaintiffs contend that there are differences between the LTPs in Teague and the BRW memberships that render the case inapplicable to the instant action. First, plaintiffs argue that the BWR memberships potentially extend for several lifetimes, see Pls.' Mot. Ex. 1. at 1, whereas the LTPs in Teague lasted only for the lifetime of the purchaser. Pls.' Resp. 11; see Teague, 35 F.3d at 982. Specifically, the BWR memberships last for the lifetimes of joint purchasers and the lifetime(s) of their child or children. Pls.' Mot. Ex. 1. at 1.

Although the BWR memberships potentially extend for the duration of multiple lives, i.e., multiple life estates, the reasoning employed in Teague would apply to a progression of life estates. In Teague, the Fourth Circuit noted that "the concept that a contract that lasts only for a person's life is not considered to be a contract that

8

necessarily extends for any length of time is quite common in our law." 35 F.3d at 993, n.20.  Therefore, the court found, "it is not unreasonable to expect that, had South Carolina's legislature intended to regulate timeshares that are keyed to the holder's life, it would have made that intention explicit in the statute." Id.

Here, the duration of the BRW memberships is "keyed" to lifetimes, rather than a specific term of years.  Pls.' Mot. Ex. 1. at 1.  As in Teague, it is entirely possible that the lifetime of joint purchasers and the lifetime(s) of their child or children could be less than three years.  Id.  Therefore, the Fourth Circuit's reasoning applies equally to a membership that extends for multiple lifetimes as it does to a membership that extends for a single lifetime.

Second, plaintiffs argue that, unlike the LTPs in Teague, the BWR memberships were intended to last forever.  Pls.' Resp. 11.  In support, plaintiffs assert that defendant Steve Lovell "testified that the expectation was that the contracts would last forever." Id.  Importantly, plaintiffs do not include the entire relevant portion of Lovell's testimony:

> Q:   And what was the expectation for how long these membership agreements were going to be in place when you-all established Big Water Resort LLC?
> A:   Forever.  Till people die, you know.

Defs.' Reply, Ex. 2 at 13–14.  When read in its entirety, Lovell's testimony actually supports finding that the duration of the BWR memberships is "keyed" to lifetimes.

Third, plaintiffs note that more than three years have passed since the memberships in the instant action were issued.[4]  Pls.' Mot. 4. In Teague, the defendants

---

[4] Although this fact is not directly raised by plaintiffs to differentiate the facts of this case from those in Teague, it is at issue in their motion to certify. See Pls.' Mot. 4 ("Do membership agreements that have been in place longer than three years qualify as

began selling the LTPs in 1984.  Plaintiffs filed suit in 1987.  35 F.3d at 982, 984.  Thus, over a year had passed since at least some of the LTPs were issued.  Even if this were not the case, this passage of time does not seem relevant to an analysis of the intended duration of a membership agreement.

Fourth, plaintiffs contend that Teague is inapplicable because at least some of the BWR memberships include options to pay the membership fees over five years or over ten years.  Pls.' Resp. 11.  It is not clear in Teague whether the LTPs could be purchased through payments lasting longer than one year.  Regardless, all of the BWR memberships contain the "duration of membership" clause, which would presumably control the intended duration of the memberships.  As explained above, the reasoning employed in Teague applies to the multiple lifetimes set forth in this "duration of membership" clause.

Finally, plaintiffs contend that "the State of South Carolina classified the [Big Water Resort] as a time share for tax purposes,"[5] whereas nothing in Teague indicated that the LTPs were similarly classified.  Pls.' Resp. 11.  Plaintiffs cite Georgia-Carolina Bail Bonds, Inc. v. Cnty. of Aiken, 579 S.E.2d 334, 338 (S.C. Ct. App. 2003) for the proposition that the court should give deference to this classification.  Id. at 13.  In Georgia-Carolina Bail Bonds, the South Carolina Appellate Court discussed an interpretation of the bondsman licensing statute at issue offered by the Licensing Coordinator for South Carolina Department of Insurance.  579 S.E.2d at 338.  The court then noted that "South Carolina has long recognized the rule that an opinion or

---

'Vacation time sharing lease plan[s]' under S.C. Code Ann. § 27-32-10(8)?").  Thus, it is included in the court's discussion.

[5] In support, plaintiffs rely solely on the Unsworn Declaration of M.B. Hutson, Under Penalty of Perjury, in which Hutson declares: "While I was in control of the Big Water Resort Club, the State of South Carolina classified the club as a Time Share for tax purposes."  Pls.' Resp., Ex. 6 at 1.

10

construction of a statute by an agency that is in charge of enforcing the statute should be given great deference." Id.  Importantly, the South Carolina Department of Insurance had "general oversight responsibility in regard to the licensing of a bondsman." Id.

Here, the South Carolina Department of Revenue is not in charge of enforcing the Timeshare Act.  Rather, S.C. Code Ann. § 27-32-130 provides that the "Real Estate Commission is responsible for the enforcement and implementation" of the Act.  Therefore, even if the LTPs in Teague were classified as timeshares for tax purposes, this fact would likely have been irrelevant to the court's analysis.

Having carefully compared the facts in the instant action to those in Teague, the court is not convinced that the potential factual differences preclude the court from looking to the Fourth Circuit decision to resolve defendants' partial motion for summary judgment.

Notably, a South Carolina Circuit Court has likewise looked to Teague to determine whether the BWR memberships qualify as timeshares under the Timeshare Act.  In Bramlett v. Big Water Resort, LLC, the plaintiffs had purchased a BWR membership, which included the same "duration of membership" provision at issue here.  No. 2008-CP-14-179, at *1–2 (Clarendon, S.C., Ct. Common Pleas, May 11, 2009).  The plaintiffs conceded that Teague was the controlling law on the applicability of the Timeshare Act to lifetime interests. Id. at *2.  Judge Cooper found that, pursuant to S.C. Code Ann. § 27-32-10(8) and Teague, "a lifetime may extend beyond three years or terminate within three years." Id.  He then applied this finding to the BWR membership and concluded that the BWR membership "is not a timeshare plan and is not subject to

the provisions included in Section 27-32-10, et. seq., of the Code of Laws of South Carolina, as amended." Id. at *3.

As with Teague, plaintiffs attempt to differentiate the facts in the instant action from those in Bramlett. To this end, plaintiffs assert that the Bramlett plaintiffs filed suit against BWR less than two months after purchasing their BWR membership, whereas more than three years had passed since plaintiffs purchased the BWR memberships in the instant action. Pls.' Resp. 12 n.17. In addition, unlike some of the BWR memberships in the instant action, the BWR membership in Bramlett did not include an option to pay the membership fees over five years. Id. However, for reasons previously explained, the court does not find either of these differences relevant to the issue before the court in Bramlett.

As a final argument, in a footnote of their brief, plaintiffs essentially contend that the analysis employed by the Fourth Circuit in Teague is unsound. Id. at 13 n.18. They argue that this court should not apply a "'statute of frauds'-like analysis" to the Timeshare Act. Id. In a statute of frauds case, they assert, the contract is to be liberally construed "to avoid the harsh result of undoing a contract that is possibly performed in one year." Id. They argue that, here, the idea that a lifetime interest could possibly be performed in one year is being used by defendants "to impose a harsh result." Id. Moreover, they contend, such an analysis runs counter to "the liberal interpretation in favor of consumer protection that should be used when interpreting terms in the time share statute." Id.

In Teague, the Fourth Circuit considered S.C. Code Ann. § 27-32-10, and found that the LTPs sold by defendants were comparable to a life estate. 35 F.3d at 993. The

12

court then reasoned that the interpretation of life estates under the statute of frauds was helpful to deciding whether the LTPs were subject to the Timeshare Act.  Id.  This court finds no cause to question the Fourth Circuit's reasoning.  If Teague did not exist, then perhaps plaintiffs' final argument would require closer examination.

In conclusion, the court agrees with Teague for the proposition that a contract based on one or more lives does not necessarily extend for any length of time.  The court further finds that, similar to the LTPs in Teague, it is entirely possible that the lifetimes of joint purchasers and the lifetime(s) of their child or children may extend beyond three years or terminate within three years.  The court therefore concludes that the BWR memberships at issue cannot satisfy the statutory definition of a "vacation time sharing plan," and are not subject to the provisions included in S.C. Code Ann. § 27-32-10, et. seq.  Because counts five and six of the amended complaint assert violations of S.C. Code Ann. § 27-32-10, et. seq. as applied to the BWR memberships, summary judgment is appropriate on these claims.  In addition, because the court can look to Teague to resolve the applicability of the Timeshare Act to the BWR memberships, certification on this issue is not appropriate.  Having disposed of the motions on this ground, the court will not address the parties' additional arguments.

## IV.  CONCLUSION

For the foregoing reasons, the court **GRANTS** defendants' partial motion for summary judgment and **DENIES** plaintiffs' motion to certify.  Counts five and six of plaintiffs' amended complaint are therefore dismissed.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 10, 2015**
**Charleston, South Carolina**