# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| William Reed, Donna Reed, Bonnie Youmans, Jane Yates, Phillip Caulder all individually and for the benefit and on behalf of all others similarly situated, | Civil Action No. 2:14-cv-01583-DCN |
| Plaintiffs, | |
| v. | |
| Big Water Resort, LLC, TLC Holdings, LLC, Richard Clark, James Thigpen, Jimmy "Steve" Lovell, and Ocoee, LLC. | |
| Defendants. | |
| Big Water Resort, LLC; TLC Holdings, LLC, Richard Clark, James Thigpen, Jimmy "Steve" Lovell; Ocoee, LLC, | |
| Third-Party Plaintiffs, | |
| v. | |
| M.B. Hutson, a/k/a M.B. Hudson, | |
| Third-Party Defendant. | |

**ORDER APPOINTING CLASS REPRESENTATIVES,
CLASS COUNSEL, AND CLAIMS ADMINISTRATOR,
AND PRELIMINARILY APPROVING SETTLEMENT CLASS AND CLASS
NOTICE**

This matter is before the Court on the parties' Joint Motion and Memorandum in Support of the Motion for Appointment of Class Representatives, Class Counsel, Certification of Settlement Class, and Preliminary and Final Approval of Class Settlement Notice and Class Settlement (Dkt. Entry No. 218) (hereinafter "Joint Motion for Class Settlement"). Having now

1

heard and considered the points and authorities set forth in the Joint Motion for Class Settlement and the oral arguments of counsel, this Court hereby Orders and Directs:

a.  The Court gives preliminary approval of the Comprehensive Settlement Term Sheet ("Settlement Agreement") contingent on final approval at the Final Fairness Hearing;

b.  The Court approves the notice and claims procedure proposed by the Parties and described in the Comprehensive Settlement Term Sheet, the Proposed Notice handed up at the hearing and attachments to the Joint Motion for Class Settlement;

c.  The Court appoints William Reed, Donna Reed, Bonnie Youmans, Jane Yates, and Phillip Caulder as Class Representatives for the Settlement Class;

e.  The Court appoints Richardson, Patrick, Westbrook & Brickman, LLC, and Finkel Law Firm, LLC, together to act as Class Counsel and to administer the settlement; and

f.  The Court schedules a Final Fairness Hearing for May 16, 2016 at 10:00 a.m. and a Final Appeals and Distribution Hearing on September 1, 2016 at 11:00 a.m.

**I.     BACKGROUND**

This case involves allegations that Plaintiffs and all Big Water Resort Club members were harmed by the conversion of the Big Water Resort from a private club to a public club. The class representatives are individuals who purchased memberships in the Big Water Club or Big Water Resort, a recreational vehicle park and campground in Summerton, South Carolina. The class representatives each entered into substantially similar membership agreements with Big Water Resort, LLC. Defendant Big Water Resort, LLC was responsible for the daily operations and the marketing of the club. Defendants Clark, Thigpen, and Lovell are the sole members of Defendants TLC Holdings, LLC and Big Water Resort, LLC. Defendant TLC Holdings owns the land and improvements upon which Big Water Resort is situated.

## II.     SUMMARY OF CLAIMS AND DEFENSES

This is a class action brought by Plaintiffs on behalf of those who purchased memberships in a private club known as the Big Water Resort. The core allegation in the case was that the club was wrongfully converted from a private club to a public establishment. As damages, Plaintiffs sought a refund of the purchase price paid for the memberships on behalf of everyone who was a member of the club when it was converted sometime in or after 2011. This amount totaled in excess of $4 million. Plaintiffs' First Amended Complaint includes causes of action for (1) Declaratory Relief; (2) Breach of Contract; (3) Tortious Interference with Contract; (4) Fraudulent Conveyance; (5) Violation of the Time Share Statutes; (6) Negligence Per Se; (7) Negligence; (8) Negligent Misrepresentation; and (9) Piercing the Corporate Veil.

The Defendants asserted numerous defenses arguing among other things that the conversion of the club to a public club was not a breach of contract and that the public was allowed onto the property several years prior to 2011 which would render all claims time barred by the statute of limitations. Also, Defendants asserted that the damages at issue should not be the full membership purchase price paid by the members but instead that there should be an offset accounting for the fact that the club members used the property and still have preferential access to the property.

## III.    TERMS OF CONDITIONAL SETTLEMENT

As a preliminary matter, it appears that the proposed Class Settlement is the result of an arms' length negotiation between experienced and well-informed counsel. For nearly two years, the parties have litigated this class action. As set out above, Plaintiffs' counsel has pursued diverse liability theories against the various Defendants.

The parties mediated this litigation in October of 2015. The Parties reached as settlement at the mediation.

In full settlement of the claims of the Named Plaintiffs and each member of the Settlement Class, Defendants will cause to be paid into escrow One Million Dollars ($1,000,000.00) for the creation of a Settlement Fund. The Settlement Fund will be paid to Class Members who submit a timely and complete Claim Form in an amount which is a percentage equal to the amount paid by a class member for their membership agreement (as shown on the spreadsheets attached to the Joint Motion for Class Settlement, Dkt Entry Nos. 218-2 and 218-3 ) divided by the total amount of the Membership Agreement purchase price for all Class Members for all membership agreements of the Class Members including any of the 31 persons who submit proof of 2011 dues payments. Any unclaimed funds after the expiration of the claim period will be refunded to the Defendants from the escrow account. (EXAMPLE: $8,400 divided by $4,168,757 = .002 x $1,000,000 = $2,014.99).

Upon Approval of this settlement by the Court, the Defendants also will provide to Class Members who submit a timely and complete Claim Form a Gift Certificate redeemable for credits to be used for camping at Sandy Shores Resort at the current (general public) rental rate at the time of use. The full terms of the Gift Certificates are set forth in the Comprehensive Settlement Term Sheet, Dkt. Entry No. 218-1. The total dollar amount allotted to Gift Certificates is Two Hundred Fifty ($250,000.00) Dollars redeemable on a claims made based on the same formula as the Cash component.

    **A.**    **Settlement Administration.**

In accordance with the terms of the Settlement Agreement, the settlement will be administered by class counsel. Plaintiffs' attorneys will be responsible for paying for the costs of

administration of the settlement including all mailings. The Settlement Fund and Gift Certificates will be distributed as described below.

### B.  Notice Procedure.

Following preliminary approval by the Court, Plaintiffs' counsel will mail a class notice that was passed up to the Court at the hearing. The proposed notice contains a description of the settlement, a Request for Exclusion form, and instructions on how to submit an objection to the settlement. The notice also sets out deadlines to opt-out of the class settlement, object to the class settlement, object to the application for attorney's fees and costs, and submit a Claim Form and/or Proof of Claim. It will also provide the date for the Final Fairness Hearing, the Appeals and Distribution Hearing, and procedures for individual Settlement Class Members to appear at same.

A Timeline for the noticing and approval of the class settlement is attached hereto as Exhibit 1 to this Order. Class Counsel will also set up a hotline giving details of the settlement and how to file claims.

### C.  Claim Review Procedure.

Class Counsel will then mail out Claims Forms to all class members, in the form filed as Dkt. Entry No. 218-5. Each Settlement Class Member who wishes to participate in the distributions from the Settlement Fund must return a signed Claim Form. The Claims Forms identify each Class Member's Loss based on information available to the parties. If any Class Member disputes the amount shown as their loss, they will be asked to provide a Proof of Claim including documentation of their loss to Class Counsel. Class Counsel will reach a determination approving, rejecting, or partially rejecting the Proof of Claim. Each class member

with a disputed claim will be informed of Class Counsels' determination and will have an opportunity to appeal to the District Court for a final determination on the Proof of Claim.

Class Counsel will apply to the Court, with notice to counsel for the Defendants, for a distribution order approving Class Counsel's administrative determinations, concerning the acceptance, rejection, and valuation of the submitted Claims Forms and directing payment of the Settlement Fund to Authorized Claimants in accordance with the Settlement Agreement and the Claims Administrator's determinations and the Court's resolution of any appealed Proofs of Claim.

### D.     Approval Hearings.

The Court will hold a Final Fairness Hearing to consider the substance of the proposed settlement, Class Counsel's application for attorney's fees and costs, Incentive Payments to the Named Plaintiffs. If the settlement is approved, the Court will issue a Final Approval Order and Final Judgment resolving all issues other than any appeals of individual claim amounts from the Third Party administrator's determination.

## IV.     PRELIMINARY FINDINGS

There is a "strong judicial policy in favor of settlements, particularly in the class action context. In re PaineWebber Ltd. P'ships Litig., 147 F.3d 132, 138 (2d Cir. 1998). "[S]ettlement classes have proved to be quite useful in resolving major class action disputes. While their use may still be controversial, most courts have recognized their utility and have authorized the parties to seek to compromise their differences including class action issues, through this means." S.C. Nat'l Bank v. Stone, 749 F.Supp. 1419, 1428–29 (D.S.C. 1990).

### A.     Preliminary Approval of Settlement

The Court preliminarily finds that the proposed Class Settlement as outlined in the Settlement Agreement and Joint Motion for Class Settlement meets the requirements of Rule 23(a) and

23(b)(1)(B). Preliminary class certification is appropriate because these actions satisfy the requirements set forth in Rule 23(a) of (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.

Furthermore, the Court preliminarily finds that proposed Class Settlement meets the requirements set forth in Rule 23(b)(3):

> [T]hat the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The Court preliminarily certifies the proposed Class Settlement on the understanding that, in the event that the Settlement Agreement shall be terminated for any reason or the Class Settlement is not approved, the Defendants shall retain the same rights to oppose certification of a class that they had prior to the execution of such Settlement Agreement.

### B.    Approval of Notice Plan

Fed. R. Civ. P. 23 (e) requires that the court approve any proposed settlement or compromise in a class action suit and that notice of the settlement be given to all class members:

> **(e) Settlement, Voluntary Dismissal, or Compromise.** The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
> . . .
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

The Court has considered the notice and claim plan set forth in the Settlement Agreement, the proposed form of notice, including the Class Notice handed up at the January 27, 2016 hearing, and Proof of Claim Forms attached to the Joint Motion for Class Settlement, and the proposed claim

7

procedure. The Court finds that the form and manner of notice proposed by the parties meets the requirements of due process and Rule 23(e), provides the best notice practicable under the circumstances, constitutes sufficient notice to all persons entitled to notice, and satisfies the constitutional requirements of notice.

Beginning on the date on which this Order is entered, notice will be provided to Settlement Class Members substantially in the form that has been submitted by the parties. Claim Forms will also be provided to the class members in the form filed as Dkt. Entry No. 218-5.

A schedule for the noticing of this Class Settlement, review of any objections and claims, and review of any Proofs of Claim or appeals thereof is attached to this Order as Exhibit 1.

### C.     Approval of Class Representative and Class Counsel.

As part of the Class Settlement, the parties seek the appointment of Richardson, Patrick, Westbrook & Brickman, LLC, and Finkel Law Firm, LLC, as Class Counsel and to administer the settlement.  The parties also seek appointment of  William Reed, Donna Reed, Bonnie Youmans, Jane Yates, and Phillip Caulder as Class Representatives for the Settlement Class.

Richardson, Patrick, Westbrook & Brickman, LLC, and Finkel Law Firm, LLC have litigated this matter for over two years. They have nearly completed discovery, including conducting extensive written discovery, pursuing discovery motions, and taking and defending numerous depositions and conducting expert discovery.   They have vigorously prosecuted this action, including preparing extensive complaints and briefs on class certification and summary judgment. They have retained and produced reports from multiple experts. They have expended nearly one hundred thousand dollars ($100,000.00) in expenses to prosecute these actions. Finally, they negotiated the settlement herein, which, if approved, will bring substantive relief to the entire class.

Even though there are over 600 potential class members, no other class member or attorney has attempted to pursue class relief in this matter. Accordingly, the Court appoints Richardson, Patrick, Westbrook & Brickman, LLC, and the Finkel Law Firm, LLC as Class Counsel.

The Named Plaintiffs have aided in the prosecution of this matter. They have provided documents, declarations, and testimony in South Carolina and made themselves available to Class Counsel for information regarding their purchases and attended the mediation. The Court appoints the Named Plaintiffs as Class Representatives.

**D.     Hearing Dates**

**A.     Final Fairness Hearing.**

A Final Fairness Hearing on the Class Settlement will be held on May 16, 2016 at 10:00 a.m. to determine whether 1) the proposed Class Settlement is fair, adequate, and reasonable and should be approved by the Court, 2) Class Counsel's requested attorney's fees and costs are reasonable and should be reimbursed from the settlement proceeds, and 3) whether the Named Plaintiffs' Incentive Payments are fair and reasonable.

At the Final Fairness Hearing, any person or entity who is a Settlement Class Member and who has timely filed an objection to the Class Settlement may appear in person or through counsel and may be heard in support of or in opposition to the fairness, reasonableness, and adequacy of the Class Settlement.

In addition, any person or entity who is a Settlement Class Member and who has timely filed an objection to Class Counsel's requested attorney's fees and cost or the Named Plaintiff's Incentive Payments may be heard in support of or in opposition to the fairness, reasonableness, and adequacy of those fees and costs. Any Settlement Class Member who does not timely file an

objection to the Settlement shall be deemed to have waived any and all objections, other than those regarding specific claims, and shall be foreclosed from objecting (by appearance or otherwise) to the proposed Settlement.

### B.      Hearing on Appealed Claims, Administrative Costs, and Final Distribution.

If the Class Settlement is approved by the Court, a hearing on appealed claims that have been rejected in whole or in part, on costs related to the administration of the settlement, and on the final distribution of funds will be held on September 1, 2016 at 11:00 a.m. to determine whether any claims denied in whole or in part and appealed by the claimant should be affirmed or reversed and to address any other disputes regarding individual claims.

**AND IT IS SO ORDERED**.

*[signature]*

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 1, 2016**
**Charleston, South Carolina**