IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| William Reed, Donna Reed, Bonnie Youmans, Jane Yates, Phillip Caulder, all individually and for the benefit and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Big Water Resort, LLC, TLC Holdings, LLC, Richard Clark, James Thigpen, Jimmy "Steve" Lovell, and Ocoee, LLC,<br><br>Defendants.<br><br>TLC Holdings, LLC, Richard Clark, James Thigpen, Jimmy "Steve" Lovell, and Ocoee, LLC,<br><br>Third-Party Plaintiffs,<br><br>vs.<br><br>M. B. Hutson a/k/a M. B. Hudson,<br><br>Third-Party Defendant. | **ORDER** |

This matter is before the court on the motion for sanctions filed by third-party plaintiffs TLC Holdings, LLC, Richard Clark, James Thigpen, Jimmy "Steve" Lovell, and Ocoee, LLC ("third-party plaintiffs"), ECF No. 302. For the reasons set forth below, the court grants the motion for sanctions.

## **BACKGROUND**

Third-party plaintiffs previously moved for sanctions against third-party defendant Hutson, ECF No. 179, and also moved for summary judgment on Hutson's

1

counterclaims, ECF No. 183. In the previous sanctions motion, third-party plaintiffs pointed to a course of conduct by Hutson which they argued was tantamount to harassment and abuse of the judicial system. The conduct cited by third-party plaintiffs included Hutson's repeated filing of motions lacking factual and legal support, his accusations of criminal conduct and threats to contact law enforcement, and his accusations of unethical conduct by third-party plaintiffs' counsel. See ECF No. 179-1.

Magistrate Judge Mary Gordon Baker issued a report and recommendation acknowledging several improper actions by Hutson, including his continued filing of trial-related motions despite being told that such motions were premature and his refiling of a motion previously denied by Magistrate Judge Bristow Marchant. Magistrate Judge Baker recommended that third-party plaintiffs' previous motion be denied in light of the facts that Hutson was pro se, that he had not been previously warned that his conduct may merit sanctions, that he withdrew some of his offending filings, and that he would no longer be proceeding pro se if this court were to adopt her recommendations to dismiss his pro se counterclaims. ECF No. 270 at 13–14. In an order dated May 20, 2016, this court adopted Magistrate Judge Baker's report and recommendation, declining to impose sanctions on Hutson and granting summary judgment in favor of the third-party plaintiffs on Hutson's counterclaims. ECF No. 280 at 8, n.1.

On April 21, 2017, Hutson filed a motion to reconsider this court's order dismissing his counterclaims. ECF No. 298. Third-party plaintiffs filed a response to the motion, asserting that it failed to identify any new evidence, despite Hutson's claims to the contrary; failed to demonstrate any of the requirements for amending a judgment under FRCP 59(e), and was untimely under that rule; failed to satisfy the requirements of

FRCP 60; and improperly asked the court to review a state court judgment in a separate proceeding. See ECF No. 300. This court denied Hutson's motion. ECF No. 306.

After Hutson filed his motion to reconsider, third-party plaintiffs then filed the instant motion for sanctions. They argue that Hutson's bad faith intent is evidenced by his motion to reconsider, which lacks legal support, falsely purports to offer new evidence, and repeats the same allegations he has made in numerous filings throughout the course of this litigation. Third-party plaintiffs further assert that no inference can be drawn from Hutson's conduct except that he desires to harass them and increase their legal expense. They incorporate by reference their prior motion for sanctions and supporting memorandum, which sets forth the history of Hutson's conduct. Third-party plaintiffs request both monetary and non-monetary sanctions, the latter in the form of an order barring Hutson from submitting further pro se filings to the court.

## STANDARD

The court has the inherent power to impose sanctions on litigants when merited by their conduct:

> Rule 11 has not robbed the district courts of their inherent power to impose sanctions for abuse of the judicial system. In Chambers v. NASCO, Inc., 501 U.S. 32, 49 111 S.Ct. 2123, 115 L.Ed 2d 27 (1991), the Court was quite clear that "the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." The Court stated that there was "no basis for holding that the sanctioning scheme of the statute and the rules displaces the inherent power to impose sanction for . . . bad-faith conduct . . . ."

Drake v. Ham, 2007 U.S. Dist. LEXIS 58060, at *4 (D.S.C. 2007) (quoting Methode Elecs. v. Adam Techs., 371 F.3d 923, 927 (7th Cir. 2004)). "Due to the very nature of the court as an institution, it must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates. This power is organic,

3

without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers." United States v. Shaffer Equip. Co., 11 F.3d 450, 461 (4th Cir. 1993). "Sanctions authorized under the court's inherent powers include the striking of frivolous pleadings or defenses, disciplining lawyers, punishing for contempt, assessment of attorney's fees, and outright dismissal of a lawsuit." Drake, 2007 U.S. Dist. LEXIS 58060 at *4-5. Sanctions imposed under the court's inherent power serve the purpose of penalizing and deterring violations of the judicial process. In re Howe, 800 F.2d 1251, 1252 (4th Cir. 1986). The court's inherent power to sanction includes penalties up to and including outright dismissal of the offending party's claims. Chambers v. Nasco, 501 U.S. 32, 44–45 (1991). "[A]n assessment of attorney's fees is undoubtedly within a court's inherent power." Id. at 45. "A court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. at 45–46. Unlike the statutory and rule-based sanctioning schemes, which reach only certain conduct, "the inherent power extends to a full range of litigation abuses." Id. at 46.

Further, pro se parties are not exempt from the Rules of Civil Procedure or from the requirements of respect and decorum before the court. District courts must "not allow liberal pleading rules and pro se practice to be a vehicle for abusive conduct." Spears v. Warden FCI Williamsburg, 2016 WL 2935894 (D.S.C. Apr. 20, 2016), at *1.

## DISCUSSION

Hutson's status as a pro se party in this matter ended when this court granted summary judgment on his counterclaims in favor of third-party plaintiffs. Since that time, his capacity as a party to this case has been limited to his status as a third-party

defendant defending the equity indemnity claim. Hutson, however, has continued to make pro se filings in this court.

In his motion to reconsider, Hutson claimed to present new evidence but instead repeated the same arguments he made in his prior filings and failed to identify any new documents or evidence, despite representing to the court that he had the latter.[1] He also asked the court for relief that it lacks jurisdiction to grant.[2] He failed to provide evidentiary support for the factual allegations in his motion. No inference can be drawn that the motion was filed in good faith. Hutson appears to have continued his pattern of frivolous filings and conduct designed to harass or burden third-party plaintiffs, and there is no indication that he intends to cease.

Hutson's response, ECF No. 310, to the pending sanctions motion again makes reference to the alleged fraud by third-party plaintiffs in obtaining the settlement agreement and the order signed by Judge James in the prior state court litigation. Hutson has made these allegations throughout the course of this litigation. He has never, however, specified what the fraud is or submitted evidence of it.

Third-party plaintiffs Clark, Lovell, and TLC have a pending action for defamation against Hutson in the Clarendon County Court of Common Pleas, which they filed in December 2015. While his counterclaims were still pending in this court, Hutson

---

[1] Specifically, Hutson cites the Big Water Resort, LLC meeting minutes of January 16, 2009 as the Rule 60(b) evidence which entitles him to relief from the Order. He asserts that he did not see or obtain this document until 2015. However, he was privy to this document at Steve Lovell's deposition in September 2014, at the latest. He has filed it with the court on at least ten separate occasions. (*See, e.g.*, ECF Nos. 191, 192, 200, 202-1, 216, 228, 233, 237, 251, and 252.) Hutson also relied on this document in opposing third-party plaintiffs' motion for summary judgment.

[2] Hutson asked this court to review a final order in a state court proceeding.

5

filed counterclaims in the defamation case that were identical to those he filed in this matter. ECF No. 302-1, at 5–6. After this court ruled that Hutson's counterclaims were barred by res judicata, ECF No. 280, Hutson still refused to dismiss them in the Clarendon County action. Third-party plaintiffs in the state court matter then moved for summary judgment, which was granted in March of this year, in light of the fact that Hutson had previously released those claims in a settlement agreement and that two previous judges had ruled that the claims were barred. ECF No. 302-1, at 5–6.

The reasons that Magistrate Judge Baker gave for recommending the denial of the previous sanctions motion—the facts that Hutson now has counsel and has been warned of his conduct—have failed to alter his behavior.[3] Hutson's recent filing with the court makes repeated reference to his *pro se* status. Hutson has established a pattern of making misrepresentations to the court, of making unsupported allegations of unethical and criminal conduct by third-party plaintiffs, and of using the judicial process as a mechanism of harassment. His meritless filings have wasted untold hours of the court's time. He lacks any evidence to support his counterclaims and other allegations against third-party plaintiffs. Indeed, Hutson routinely fails to provide factual or legal support for anything he files with the court. Accordingly, the court finds that sanctions are appropriate under the court's inherent power.

Third-party plaintiffs request monetary sanctions in the amount of $14,908.50. Third-party plaintiffs' counsel submitted an affidavit of their qualifications and

---

[3] Recently, in the state court defamation matter, Hutson sent the liability insurance carrier an email after learning of the carrier's offer of settlement to TLC Holdings, Clark, and Lovell. Hutson directed the carrier to withdraw the offer and threatened suit should the carrier settle the suit. ECF No. 312-1.

experience, along with a fee detail breakdown showing that this was the amount of legal fees they incurred in responding to Hutson's motion for reconsideration and in preparing their sanctions motion. ECF No. 302-2. They also submitted an affidavit from attorney L. Morgan Martin asserting that third-party plaintiffs' counsel are qualified, well-regarded attorneys and that their rates and fees were reasonable and customary for the nature of the work done. ECF No. 302-3. The court finds that monetary sanctions against Hutson in the amount of $14,908.50 are appropriate. The court finds that the hourly rates of third-party plaintiffs' counsel and support staff are reasonable for the nature of the work done and the community in which it was done. The court further finds that the total hours expended by counsel are reasonable and expected in light of the circumstances and complexity of this case.

Third-Party Plaintiffs also ask the court to impose certain nonmonetary sanctions on Hutson. Specifically, they ask that Hutson be barred from submitting any more pro se filings with the court. The court declines to grant this non-monetary sanction.

## CONCLUSION

For the reasons set forth above, the court **GRANTS** third-party plaintiffs' motion for sanctions. **IT IS FURTHER ORDERED** that third-party defendant Hutson make payment to third-party plaintiffs' counsel in the amount of Fourteen Thousand Nine Hundred Eight and 50/100 ($14,908.50) within thirty days of the entry of this Order.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 4, 2017**
**Charleston, South Carolina**